**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy Garcia, | No. 07-1830-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Safeway Food Stores Inc., | |
| Defendant. | |

Pending before the Court is Safeway Food Stores Inc.'s, ("Defendant") Motion for Summary Judgment (Doc. # 18). Plaintiff filed a Response (Doc. # 20) asking the Court to deny Defendant's Motion. The Court will grant Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff worked for Defendant as a meat wrapper in April 2004. (Def.'s SOF ¶ 1.) Defendant transferred Plaintiff to Store No. 247 in February of 2005. (Id. ¶ 2.) Denise Peterson was the Store Manager and John Cable was the Assistant Store Manager of Store No. 247 when Plaintiff worked for Defendant. (Id. ¶¶ 3-4.) Joe Wood was the Second Assistant Store Manager of Store No. 247 when Plaintiff worked for Defendant. (Id. ¶ 5.)

Plaintiff claims that Defendant discriminated against him because of his age by denying his request to become a Meat Cutter Apprentice. (Id. ¶ 6.) Plaintiff testified that he applied for this position three times, once before January 2005, once in January 2005, and sometime later in 2005 or 2006, he does not recall. (Id. ¶¶ 8, 10, 13-14.) Plaintiff never

heard back from Defendant after applying for the first time. (Id. ¶ 9.) Plaintiff received a letter after he applied in January 2005 telling him that he was being turned down for the Apprentice position because he was not qualified. (Id. ¶ 11.) Plaintiff claims that he received a similar letter from Defendant after he applied a third time. (Id. ¶ 13.) Defendant cannot locate a record of Plaintiff applying for any position after January 13, 2005. (Id. ¶ 15.)

Plaintiff went on leave from June 4, 2005 through August 2005. (Id. ¶ 17.) Plaintiff was working thirty hours per week as of September 2006. (Id. ¶ 19.) After September 2006, Plaintiff's hours were once again reduced to twenty hours a week for medical reasons. (Id.) Although Plaintiff was able to work twenty hours per week, he was not working the full amount. (Id. ¶ 20.) As a result, Plaintiff went to his Union Representative and requested more hours. (Id.) Plaintiff's Union communicated with Plaintiff's supervisors concerning Plaintiff's right to demand at least twenty hours of work per week. (Id. ¶ 21.) Defendant, however, did not have enough hours in the meat department to fulfill Plaintiff's request for twenty hours. (Id.) Therefore, Plaintiff's superiors scheduled Plaintiff to work deli sampling events and to perform other duties in order to meet his request for the additional hours. (Id.)

Plaintiff was scheduled to work the deli sampling events on August 15, 2007, but he chose to work in the meat department instead. (Id. ¶¶ 22-23.) Both Denise Peterson and Joe Wood told Plaintiff that there were not enough hours available in the meat department and Plaintiff would have to work in the deli. (Id. ¶ 24.) Plaintiff refused, however, stating that he signed up to work in the meat department and did not want to work elsewhere. (Id.) After Plaintiff told Denise Peterson and Joe Wood that he did not want to work in the deli, he asked if he should clock out. (Id. ¶ 27.) Denise Peterson informed Plaintiff that he may get fired if he clocked out and left, but Plaintiff proceeded to clock out anyway. (Id.) Further, when Plaintiff learned that he would be scheduled at the deli for his next shift, he informed Denise Peterson that he would not be reporting to work that shift. (Id. ¶ 28.) Denise Peterson explained to Plaintiff that his behavior constituted insubordination, and Joe Wood further explained the meaning of insubordination. (Id. ¶ 29.) Plaintiff responded by saying

1 | they should just go ahead and fire him because he is too old and ill to learn any new jobs.
2 | (Id.)
3 |      On August 16, 2007, Plaintiff called into work asking where he was scheduled to
4 | work that day. (Id. ¶ 31.) John Cable told Plaintiff that he would again be scheduled to work
5 | in the deli, and Plaintiff responded by informing Cable that he would not be reporting to
6 | work that day. (Id.) John Cable asked Plaintiff to produce a doctor's note, and Plaintiff
7 | informed him that he would not be able to do that because there was no medical reason for
8 | his absence, he just did not want to work in the deli. (Id. ¶ 32.) On August 18, 2007,
9 | Plaintiff reported to work for his scheduled shift in the meat department. (Id. ¶ 33.) After
10 | his shift began, John Cable called him into the office and told him that he was suspended
11 | pending an investigation. (Id.)
12 |      On August 24, 2007, Human Resources Representative Jeremiah Popelier, and Union
13 | Representative Harry Smith, met with Plaintiff to discuss his work situation. (Id. ¶ 34.)
14 | When Popelier questioned Plaintiff regarding his comment about being too ill and old to
15 | work in a new area, Plaintiff provided no support for the claim, but stated that he saw
16 | working in the deli as a step backwards from his goal of becoming a meat cutter. (Id.)
17 | Popelier explained to Plaintiff that the meat department did not have enough hours to meet
18 | his request for twenty hours per week and that if Plaintiff refused to work in the deli, his
19 | actions would be insubordination. (Id. ¶¶ 35-36.) Plaintiff responded by stating, "fire me
20 | then and let's be done with it." (Id. ¶ 36.) Popelier then explained to Plaintiff that more
21 | hours may become available in the meat department, but Plaintiff must work where he is
22 | assigned if he wishes to keep his employment. (Id. ¶ 37.) Plaintiff responded by explaining
23 | that the other duties that he was being assigned were unacceptable and he refused to perform
24 | them. (Id.) Plaintiff told his Union Representative that he would not work in the deli, and
25 | his Representative explained to Plaintiff that there would be consequences. (Id. ¶ 38.)
26 | Plaintiff indicated that he understood. (Id.) Effective September 12, 2007, Plaintiff was
27 | terminated for insubordination. (Id. ¶ 41.)
28 |

1  On August 20, 2007, Plaintiff filed a charge of discrimination with the EEOC,
2  claiming Defendant discriminated against him due to his age and his disability. (Id. ¶¶ 42-
3  43.) Plaintiff was born on August 18, 1965 and he was forty two years old when he filed his
4  charge. (Id. ¶ 44.) Plaintiff claims that Defendant discriminated against him due to his
5  disability because it did not negotiate where Plaintiff would be working to fulfill his request
6  for twenty hours per week. (Id. ¶¶ 45-46.) Defendant moves for summary judgment on the
7  ground that Plaintiff can not show that he was discriminated against based upon his age
8  (Def.'s Mo. Summ. J. 7-9.) Similarly, Defendant moves for summary judgment on his
9  disability claim because Plaintiff can not show that similarly situated, non-disabled
10  employees were treated more favorably. (Id. at 9.)

**II. LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. Id. at 323. The burden then shifts to the non-movant to establish the existence of material fact. Id. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create

1  a material issue of fact and defeat a motion for summary judgment. Id. at 247-48. However,
2  in the summary judgment context, the Court construes all disputed facts in the light most
3  favorable to the non-moving party. Ellison v. Robertson, 357 F.3d 1072, 1075 (9th Cir.
4  2004).

5  Per Local Civil Rule 56.1(b), the non-moving party must controvert the movant's
6  stated facts, or the movant's facts are deemed admitted. Plaintiff's Response fails to
7  controvert any of the listed facts in Defendant's Statement of Facts, nor does it list any
8  additional facts to support his claims. (Pl.'s Resp. Mo. Summ. J.) Looking at Plaintiff's
9  Complaint, the only evidence Plaintiff provides the Court is a letter stating that Plaintiff was
10 placed on leave from June 4, 2005 to August 27, 2005, a letter that informs Plaintiff that his
11 employment has been terminated as of September 12, 2007 due to insubordination, and a
12 Dismissal and Notice of Rights form from the EEOC. (Compl.) All of this evidence is also
13 provided by Defendant with its Motion for Summary Judgment. Therefore, because Plaintiff
14 has failed to provide the Court with any additional facts to support his claims, the Court is
15 forced to look to Defendant's Statement of Facts in analyzing Defendant's Motion.

16 **III. DISCUSSION**

17 **A. Age Discrimination Claim**

18 Plaintiff contends that he was discriminated against because of his age when he was
19 not accepted as a Meat Cutter Apprentice. (Compl.; Def.'s SOF Ex. D at 77:15-16.) The
20 Age Discrimination in Employment Act of 1967 ("ADEA") makes it unlawful to:

> fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age; [] to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

29 U.S.C. § 623. Also, § 631 states that the statute is only applicable to those that are forty years of age or older. In addition to establishing that Plaintiff was a member of the protected class, Plaintiff must also show that he was "either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise

- 5 -


'giving rise to an inference of age discrimination.'" Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000)). Further, to prove that Plaintiff was discriminated against under a disparate treatment theory, Plaintiff must show that age "'actually played a role in [Defendant's] decisionmaking [] process and had a determinative influence on the outcome.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141 (2000) (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)).

Defendant argues that Plaintiff has failed to produce facts to establish a prima facie case of discrimination under the ADEA. (Def.'s Mo. Summ. J. 7-9.) Defendant first argues that Plaintiff falls outside the protected class of the statute because when he applied for the Apprentice position the first two times, he was not forty. (Id. at 7.) Defendant argues that Plaintiff has failed to produce evidence to support his contention that he applied a third time for the position, and that he was forty years old when he applied a third time. (Id.) Plaintiff turned forty on August 18, 2005, and was less than forty years old when he applied on the first two occasions. Further, Plaintiff has failed to show, either in his Complaint or in his Response to Defendant's Motion for Summary Judgment, that he filed a third application or that Defendant responded to a third application. Therefore, Plaintiff has failed to produce evidence to establish that he is within the protected class of the ADEA.

In addition, Defendant argues that even if Plaintiff filed a third application, and was forty years old when he applied for the position, Plaintiff has failed to show that younger employees were treated more favorably. (Id.) As stated above, the only evidence that Plaintiff produced were letters from Defendant showing that he was terminated for insubordination and given leave, and the EEOC Dismissal and Notice of Rights form. None of that evidence shows that Defendant discriminated against Plaintiff due to his age.

Further, Defendant provided Plaintiff with an adequate justification to explain why he was not accepted as a Meat Apprentice: Plaintiff did not meet the qualifications. (Def.'s SOF Ex. F.) In response, Plaintiff did not offer any facts to show that he met the qualifications of the position. Finally, Plaintiff stated in his deposition that none of his

1 superiors, Denise Peterson, Joe Wood, or John Cable, ever said anything negative to Plaintiff, or any other worker in the store, about Plaintiff's age. (Def.'s SOF Ex. D at 84:16-18, 85:5-7.) Therefore, Plaintiff has failed to show that there is a genuine issue of material fact concerning Plaintiff's age discrimination claim against the Defendant,[1] and Defendant is entitled to judgment as a matter of law.

**B. Disability Discrimination Claim**

Plaintiff also contends that he was discriminated against due to his disability, in violation of the Americans with Disabilities Act ("ADA"), when Defendant would not allow Plaintiff to work twenty hours a week in the meat department. (Id. at 78:12-23; Compl.) The ADA prohibits employers from discriminating against employees "with a disability because of the disability of [the employee] in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In order to state a claim for discrimination, the Plaintiff must establish: (1) that he has a disability; (2) is a qualified individual, meaning he can perform the essential functions of the position he desires, with or without reasonable accommodation; and (3) he has suffered an adverse employment action due to his disability. 42 U.S.C. § 12111(8); Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1353 (9th Cir. 1996); Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

Defendant argues that it is entitled to summary judgment on Plaintiff's disability claim because Plaintiff has produced no facts to establish a prima facie case under the ADA. (Def.'s Mo. Summ. J. 9.) Specifically, Defendant argues that Plaintiff has not shown that he did not receive hours in the meat department due to his disability. (Id.) In regards to his disability claim, Plaintiff's Complaint states only that he "feel[s] discriminated," citing the

---

[1] Defendant also argues that Plaintiff failed to timely file a discrimination charge with the EEOC. Because the Court has found that Plaintiff failed to produce evidence to establish a discrimination claim under the ADEA, the Court will not address Defendant's other argument.

1  ADA. (Compl.) Plaintiff attached a letter to his Complaint from Defendant, informing
2  Plaintiff that he was being terminated for insubordination. This does not, however, provide
3  support for Plaintiff's claim that Defendant discriminated against him due to his disability.
4  Further, Plaintiff testified during his deposition that he never told his superiors that he could
5  not work in the deli because of his health, nor did he give them any indication that was the
6  case. (Def.'s SOF Ex. D at 65:2-5.) Rather, Plaintiff stated that the reason he did not want
7  to work in the deli was that he only wanted to work in the meat department. (Id. at 65:6-7.)

8  In addition, Defendant's failure to provide Plaintiff with twenty hours in the meat
9  department is justified because the hours were not available. (Id. Ex. L at 1.) Defendant did,
10 however, meet Plaintiff's request for twenty hours a week by assigning Plaintiff to work the
11 additional hours in the deli until there were more hours available in the meat department.
12 (Id.) When asked during his deposition why Plaintiff felt that he was discriminated against
13 due to his disability, he initially replied that he did not know, but then indicated he was angry
14 that he was not properly informed and was not consulted before he was assigned to work his
15 additional hours in the deli. (Id. Ex. D at 80:19-21, 81:2-9.) Finally, Plaintiff also testified
16 at his deposition that his superiors never said anything negative to Plaintiff, nor to any other
17 worker in the store, about Plaintiff's disability. (Id. 84:13-15,19-21,85:2-4.) Therefore,
18 Plaintiff has failed to establish there is a genuine issue of material fact in regards to his
19 disability claim, and Defendant is entitled to judgment as a matter of law.

20 Based on the foregoing,

21 **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. # 18) is
22 **GRANTED**.

23 DATED this 24th day of September, 2008.

James A. Teilborg
United States District Judge